UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAQING (JACKIE) ZHANG,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHNSON & JOHNSON INC.,<br><br>        Defendant. | Case No.: C 10-1717 JW (PVT)<br><br>**FURTHER ORDER RE PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** |

    On October 5, 2010, this court issued an order directing the parties to file joint or respective proposed forms of protective order modeled after one of the court's model forms of stipulated protective order. The court instructed the parties to explain in a brief any modifications they wished to make to the court's model form of order. The parties have now submitted their proposed forms of order. Defendants filed a brief seeking four modifications to the language of the model form of order. Based on the parties' submissions and the file herein,

    IT IS HEREBY ORDERED that, no later than November 12, 2010, Plaintiff shall file a brief stating whether or not Plaintiff objects to Defendants' proposed modification to Paragraph 7.2 of the model form of order and/or Defendants' proposed addition of Paragraph 7.3 of the model form of protective order.

    IT IS FURTHER ORDERED that Defendants' proposed modifications to Paragraphs 2.2 and

5.1 of the model form of protective order are not acceptable to the court.

The proposed addition to Paragraph 2.2 of "examples" of information that may be designated "Confidential" impermissibly implies that all such non-public information inherently warrants protection under Rule 26(c). That is not the law. The court's model form of protective order was designed to limit designation to those materials that actually warrant protection under Rule 26(c), based on a document-by-document good faith determination by the designating party and counsel.

The proposed modification of Paragraph 5.1 to allow a designating party to designate whole documents "Confidential" when only a portion of the document qualifies for such protection will cause unnecessary work for the non-designating counsel and the court when the non-designating party seeks to file *non-confidential* excerpts or summaries from such documents with the court, and the procedures of Civil Local Rule 79-5(d) must nonetheless be followed. Local Rule 79-5 balances a party's confidentiality interests with the public's right to access documents filed with the court absent a protective order that is warranted under Rule 26(c). *See* Commentary to Civil L.R. 79-5(a). The court is not inclined to alter that carefully considered balancing of interests for the mere convenience of counsel, particularly when doing so may actually create *more* burden on both opposing counsel and the court when a party seeks to file an non-confidential portion of such a document and must needlessly go through the procedures set forth in Local Rule 79-5(d).[1]

Dated: *11/1/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] In some very limited circumstances, where an exceedingly large number of documents must be produced in a short amount of time, the parties may by stipulation or motion seek temporary confidentiality designations for whole categories of documents to allow the production to go forward before the producing party has completed making whatever confidentiality designations are actually warranted.

Order, *page 2*